UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTOINE LAVELLE SIMMONS,

        Plaintiff,

        v.

COMMISIONER GARY LANIGAN, et al.,

        Defendants.

Civil Action Nos. 16-4215 (MAS) (DEA)

**MEMORANDUM ORDER**

    Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Compl. 6, ECF No. 1; July 20, 2016 Order, ECF No. 2.) Presently before the Court are Plaintiff's motions for entry of default. (ECF Nos. 28, 32.) Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Both of Plaintiff's motions, however, were premature.

    At the time Plaintiff filed his first motion for entry of default, dated January 13, 2017 (*see* Pl.'s First Mot. for Entry of Default 3), defendants had until January 27, 2017 to file a responsive pleading (*see* Order, Jan. 9, 2017, ECF No. 20). When Plaintiff filed his second motion for entry of default, dated January 30, 2017, Magistrate Judge Douglas E. Arpert had granted all but one defendant an extension until February 3, 2017 to file a responsive pleading. (*See* Order, Jan. 30, 2017, ECF No. 30.) As such, both motions were filed before the defendants' time to answer had expired, making them premature. *See Walsh v. George*, 650 F. App'x 130, 132 (3d Cir. 2016) (upholding the district court's denial of a request for default on the account that the request predated the deadline for responsive pleading).

IT IS therefore on this 18th day of July, 2017,

ORDERED that Plaintiff's motions for entry of default (ECF Nos. 28 & 32) are hereby DENIED; and it is further

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE