**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTOINE LAVELLE SIMMONS, | : |
| Plaintiff, | : Civil Action No. 16-4215 (MAS) (DEA) |
| v. | : OPINION |
| COMMISSIONER GARY M. LANIGAN, et al., | : |
| Defendants. | : |

**SHIPP, District Judge:**

Pro se Plaintiff Antoine Lavelle Simmons, confined at New Jersey State Prison in Trenton, New Jersey at the time of filing and during all relevant periods complained of, filed the instant Complaint pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. Presently before the Court is a Motion to Dismiss ("Motion") by state defendants, i.e. all defendants other than I. Nwachkwu, who is represented by separate counsel, and Robert Chertirkin and Correctional Officer Canieller, who have yet to be served (collectively referred to as "State Defendants"). (ECF No. 36.) For the reasons stated below, the Court grants the Motion in part, and denies it in part.

**I.    FACTUAL BACKGROUND**

For the purposes of this Opinion, the Court accepts all facts alleged in the Complaint as true, and in the light most favorable to Plaintiff. Plaintiff was a prisoner who was transferred from Illinois to New Jersey in 2014 pursuant to the Interstate Corrections Compact. Since that time, and at the time the Complaint was filed, Plaintiff was incarcerated at the New Jersey State Prison

in Trenton, New Jersey.[1] The Complaint alleges that during his incarceration in New Jersey, Plaintiff was harassed and assaulted by corrections officers, was retaliated against for filing grievances and civil lawsuits, was subjected to false disciplinary charges and punishment through fabrication and planting of false evidence, and was not provided due process for those disciplinary charges. The Complaint further alleges that as part of the retaliation, he was denied proper medical services and treatment. The Complaint also asserts certain conditions of confinement claims relating to the lack of outside recreational activities and general unsanitary conditions within the prison's administrative segregation unit. The Complaint names twenty-four defendants, and provides detailed allegations against most of them. The Complaint, however, does not state the relief that Plaintiff is seeking, although the Court presumes the relief to be purely monetary, as injunctive relief would be moot at this point, given that Plaintiff is no longer incarcerated in New Jersey.

## II.  STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

---

[1] Plaintiff has since been transferred out of New Jersey, and is currently incarcerated at a prison in Arkansas. All alleged incidents in the Complaint, however, occurred while he was in New Jersey.

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see Connelly v. Lane Constr. Corp.*, No. 14-3792, 2016 WL 106159, at *3 (3d Cir. Jan. 11, 2016) (precedential). On a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

### III. DISCUSSION

A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

### A. Eleventh Amendment Immunity

State Defendants argue that Defendant S.I.D. Office, and all official capacity claims against them, should be dismissed on Eleventh Amendment immunity ground. The Court agrees. The

Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal court"). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). Eleventh Amendment immunity applies to state officials sued in their official capacity. *Hairston v. Miller*, 646 F. App'x 184, 187 (3d Cir. 2016) ("To the extent [plaintiff] sought monetary damages against the defendants in their official capacities, dismissal of those claims based on sovereign immunity was proper.").

Here, to the extent Plaintiff raises official capacity claims, they are barred by the Eleventh Amendment. With regard to the claims against S.I.D. Office, a division of the New Jersey Department of Corrections ("NJDOC"), courts have repeatedly held that NJDOC is a state agency entitled to immunity. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the NJDOC from this case on Eleventh Amendment grounds."); *Bell v. Holmes*, No. 13-6955, 2015 WL 851804, at *3 (D.N.J. Feb. 23, 2015); *Homan v. N.J. Dep't of Corr.*, No. 13-1466 (MAS), 2014 WL 4273304, at *3 (D.N.J. Aug. 28, 2014); *Wimbush v. Jenkins*, No. 13-4654, 2014 WL 1607354, at *4 (D.N.J. Apr. 22, 2014); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *2 (D.N.J. Jan. 6, 2014). As such, the Motion is granted

on this ground, and all official capacity claims against State Defendants, as well as all claims against the S.I.D. Office, are dismissed with prejudice.

### B. Disciplinary Charges

Next, State Defendants move to dismiss all claims arising out of the disciplinary charges, arguing that *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wilkinson v. Dotson*, 544 U.S. 74 (2005), bar Plaintiff's claims, because a finding in favor of Plaintiff would necessarily imply the invalidity of those charges. The Court agrees with regard to Plaintiff's claims of fabricated evidence, but disagrees with regard to Plaintiff's process challenges.

In *Heck*, the Supreme Court explained that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87. In *Wilkinson*, the Supreme Court further clarified its *Heck* holding, finding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. at 81-82.

Here, the fabricated evidence claims are unquestionably barred by *Wilkinson*, since a finding for Plaintiff would necessarily imply that the disciplinary charges were invalid. *See Brown v. Williams*, 644 F. App'x 117, 120 (3d Cir. 2016) (finding that *Heck* and *Wilkinson* bar claims of fabricated evidence). Thus, to state a § 1983 claim, Plaintiff must *first* invalidate the charges, either through the administrative process or the appeals process, and there is no allegation in the

5

Complaint that this occurred—indeed, all inferences drawn based the facts as alleged suggest that the charges were upheld.

With regard to the due process claims, however, the Court finds that a finding in favor of Plaintiff would *not* necessarily imply the invalidity of the charges. Under due process, the state must give Plaintiff a meaningful opportunity to be heard. *See Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) ("The fundamental requisite of due process of law is the opportunity to be heard." (citation omitted)). In that regard, the Supreme Court held in *Wolff v. McDonnell* that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." 418 U.S. 539, 566 (1974); *see Drabovskiy v. Allenwood*, 597 F. App'x 47, 49 (3d Cir. 2015). While *Heck* and its progeny may bar any finding that directly contradicts a disciplinary charge, they do not bar damages claims that challenge any procedural violations that occurred during the disciplinary proceeding. *Wolff*, 418 U.S. at 554; *see Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (holding that in a procedural challenge, "the relevant inquiry is what process [plaintiff] received, not whether the state court decided the case correctly").

Here, Plaintiff alleges that during his disciplinary proceeding, he was not allowed to present affidavits from other inmates or call those inmates as witnesses. (Compl., ECF No. 1 at 4.) Plaintiff further alleges that his legal advocate at the hearing was not even allowed to speak. (*Id.*) If these allegations are true, then they plausibly assert a procedural due process claim under *Wolff*. Moreover, a finding of liability on Plaintiff's due process claim would not be logically inconsistent with the disciplinary charges; the charges may have been entirely justified irrespective of the alleged procedural defects, but that does not make the alleged violations any less unconstitutional. As such, the Motion is granted on the fabricated evidence claims, but denied on the procedural due process claims.

6

### C.     Claims Against Supervisors

Next, State Defendants argue that Plaintiff's claims against Defendants Commissioner Gary Lanigan, Administrator Steve Johnson, Major Alamio, Major Davin Borg, and all supervisors, should be dismissed because there is no *respondeat superior* liability in § 1983 suits. While the Court agrees that there is no *respondeat superior* liability in § 1983 suits, and thus dismisses all claims against Lanigan, the Court finds that the Complaint raises more than *respondeat superior* claims against Johnson, Alamio, and Borg.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* While affirmative action by a supervisory official is not required to state a § 1983 claim, Plaintiff must still show that "a supervisor . . . had knowledge and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (rev'd on other grounds); *see Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.").

Here, Plaintiff's only basis for his claims against Lanigan is that he submitted numerous grievance forms to him. (*See* Compl. 7-10.) However, mere participation in the grievance process, without more, is insufficient to state a claim. *See Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015). Furthermore, there is no allegation that Lanigan actually knew of these grievances, let alone that he reviewed and deliberately ignored them. Although Plaintiff argues that he submitted grievance forms to a social worker, (*see* Compl. 9), that does not establish actual knowledge on the part of Lanigan. Indeed, given that Lanigan is the Commissioner of the entire Department of

7

Corrections, it is unlikely that he personally reviewed prisoner grievance forms, and there is certainly no indication in the Complaint that he has done so here.

The Complaint, however, does allege personal involvement by Johnson, Alamio, and Borg. Plaintiff specifically alleges that he personally spoke to these defendants, and they did nothing. (*See id.* at 12, 27.) Indeed, Plaintiff alleges that on one occasion, they laughed at Plaintiff's grievances. (*Id.* at 27.) There are also allegations that Borg personally reviewed and responded to many of Plaintiff's grievances. (*Id.* at 36.) Here, Plaintiff sufficiently alleges knowledge and acquiescence. The Motion, therefore, is granted on this ground with regard to claims against Lanigan, but denied with regard to all other defendants.

### D.   Substantial Risk of Harm

Next, State Defendants argue that certain claims against Ganesh and Alamio must be dismissed, because they do not establish a substantial risk of serious harm as required for Eighth Amendment conditions of confinement claims. The Court is unsure as to the contours of State Defendants' argument, because as described above, Plaintiff sufficiently asserts conditions of confinement claims that have been recognized in this circuit. *See, e.g., Tillery v. Owens*, 907 F.2d 418, 428 (3d Cir. 1990) (finding that "limited opportunities for recreation outside [inmates'] cells," among other things, may sustain a conditions of confinement claim).

For this defense, State Defendants couched the claims against Ganesh and Alamio as "Plaintiff contends that he merely informed Defendants Ganesh and Alamio that certain corrections officers were planning to place contraband in his cell, placing him at risk of receiving false disciplinary charges." (State Defs.' Br. 14, ECF No. 36-1.) That is a mischaracterization of Plaintiff's allegations in his 51-page Complaint, where Plaintiff alleges that he informed Ganesh and Alamio of his numerous grievances, and the resulting retaliation by certain officers through harassment, threats of physical violence, denial of medical services, and the fabrication of

8

disciplinary charges. (*See* Compl. 12-13, 25.) Here, the Court does not adopt the narrow interpretation of the claims proposed by the State Defendants. The Court may well be barred from accepting Plaintiff's allegations of false disciplinary charges and fabricated evidence as true based on *Heck*, but Plaintiff's allegations of retaliation goes beyond just the disciplinary charges. Accordingly, the Motion is denied on this ground.

### E. Verbal Threats

Next, State Defendants argue that Plaintiff's allegations of verbal threats are not sufficient to state a § 1983 claim. The Court agrees that allegations of verbal threats, alone, cannot sustain a claim. *See Brown v. Hamilton Twp. Police Dep't Mercer Cty., N.J.*, 547 F. App'x 96, 97 (3d Cir. 2013) (finding that "allegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983"). As the Court stated above, however, that is an overly-narrow reading of the Complaint—Plaintiff's allegations cannot be parsed piecemeal and removed from all context. The Court does not construe the Complaint as raising claims that rely solely on the verbal threats and, as such, State Defendants' defense on this ground fails. The Motion, therefore, is denied on this ground.

### F. Retaliation Claims

Next, State Defendants move to dismiss Plaintiff's retaliation claim against Defendant Correctional Officer D. Taylor on the ground that Plaintiff has not alleged that he engaged in a constitutionally protected activity, a required element of a retaliation claim. *See Considine v. Jagodinski*, 646 F. App'x 283, 286 (3d Cir. 2016). Specifically, State Defendants argue "with regard to Defendant Taylor, Plaintiff's retaliation claim appears to stem from incidents that occurred prior to Plaintiff's having engaged in any protected activity." (State Defs.' Br. 17.) That argument is not persuasive because "the filing of prison grievances is a constitutionally protected activity." *Winn v. Dep't of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (quoting *Davis v. Goord*,

9

320 F.3d 346, 352-53 (2d Cir. 2003)). As the Complaint alleges, Defendant Taylor violated Plaintiff's rights by throwing away, among a laundry list of things, Plaintiff's "written complaints, inquiry, and grievances." (Compl. 28.) While the Complaint does allege, as State Defendants argue, that Taylor's retaliation was in part due to Plaintiff expressing a desire "to press charges against C/O Patterson and Bullock," (*id.*), the Complaint cannot be read out of context. Here, the Complaint describes in detail the many grievances Plaintiff filed against numerous officers, and the displeasure of those officers at his conduct, which then resulted in the alleged retaliations. That Plaintiff mentions a specific desire to file one specific complaint against certain officers does not mean that Plaintiff asserts his retaliation claim against Taylor based *only* on that allegation. Reading the Complaint as a whole, the Court cannot find that it fails to state a retaliation claim against Taylor. Thus, the Motion is denied on this ground.

### G. Lack of Clarity

Finally, State Defendants move to dismiss all claims against them based on the generic argument that "Plaintiff's Complaint must be dismissed at this time due to its essentially indecipherable manner of pleading." (State Defs.' Br. 17.) State Defendants further argue that "Plaintiff's Complaint amounts to little more than a rambling, 51-page stream of consciousness, nearly devoid of punctuation and any manner of organization." (*Id.* at 18.) Notably, because Plaintiff is pro se, the Court is required to construe the Complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). While Plaintiff's Complaint in this matter may have contained organizational and punctuation deficiencies, the Court was able to understand Plaintiff's general allegations. Accordingly, the Court rejects the contention that the Complaint is so incoherent that it fails to state any claim against State Defendants.

State Defendants also argue that the Complaint lacks any allegations against Defendants Correctional Officer Bonanno, Sergeant Delarosa, Lieutenant M. Ptaszenski, and Correctional

Officer Bullock. The Complaint, however, contains specific allegations against Bonanno, (Compl. 26, 29), Bullock, (*id.* at 30, 42), and Delarosa, (*id.* at 32, 41), although the Court indeed cannot locate any factual allegations against Ptaszenski. As such, the Motion is granted on this ground only with regard to claims against Ptaszenski, but denied for all other defendants.

## IV.   CONCLUSION

For the reasons set forth above, the Motion is GRANTED in part and DENIED in part. All claims against Defendant S.I.D. Office, and all official capacity claims against State Defendants, are dismissed WITH PREJUDICE. All claims against Defendants Commissioner Gary Lanigan and Lieutenant M. Ptaszenski, and all fabricated evidence claims, are DISMISSED WITHOUT PREJUDICE.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 7/19/17

11