**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTOINE LAVELLE SIMMONS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> COMMISSIONER GARY LANIGAN, : <br> et al., : <br> : <br> Defendants. : | Civil Action No. 16-4215 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on Plaintiff Antoine Simmons' Motion for Judgment on the Pleadings ("Motion") against Ihuoma Nwachukwu, M.D. ("Dr. Nwachukwu" or "Defendant"). (Mot., ECF No. 143.) Dr. Nwachukwu opposes the Motion. (Opp'n Br., ECF No. 150.) Upon careful review, it appears that:

1. On or about July 12, 2016, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and related state law claims against numerous defendants. (Compl., ECF No. 1.) As to Dr. Nwachukwu, the Complaint stated that she evinced deliberate indifference towards Plaintiff's serious medical needs when she took away Plaintiff's "bed wedge, medical ice, walking cane, shower chair[, and] mattress that was giv[en]" to Plaintiff by another doctor. (Compl. 18–19.) The Complaint also alleged that Dr. Nwachukwu failed to properly examine Plaintiff or send him for an MRI. (*Id.*) Following discovery, Dr. Nwachukwu filed a Motion for Summary Judgment. (Def.'s Mot. for Summary Judgement, ECF No. 91.) On July 25, 2019, the Court denied Dr. Nwachukwu's motion, finding a genuine dispute of material fact existed as to why Dr. Nwachukwu discontinued Plaintiff's medical equipment and whether such action constituted deliberate indifference. (Op., Jul. 25, 2019, ECF No. 120; Order,

Jul. 25, 2019, ECF No. 121.)

2. On or about February 13, 2020, Plaintiff filed the instant Motion. (Mot. 1.) Although the Motion largely centers around Plaintiff's desire to proceed to a jury trial, he appears to argue that he is entitled to judgment on the pleadings because Dr. Nwachukwu's Motion for Summary Judgment was denied. (*See generally id.*; Pl.'s Reply Br. 1, ECF No. 151.[1])

3. Dr. Nwachukwu filed opposition to Plaintiff's motion stating that it was unclear from Plaintiff's moving papers what he relief he was seeking. (Opp'n Br. 1.[2]) However, to the extent that Plaintiff was requesting judgment on the pleadings, Dr. Nwachukwu argued that the Motion must be denied because Plaintiff failed to provide any support for his claims and the Court's denial of Dr. Nwachukwu's prior Motion for Summary Judgment did not support a judgment on the pleadings against her. (*Id.*)

4. Plaintiff filed a reply brief attempting to clarify the relief he was seeking. (Pl.'s Reply Br. 1.) The brief reiterated that Plaintiff was requesting judgment against Dr. Nwachukwu and that he wanted "this defendant [to] be held accountable for her actions." (*Id.* at 2.) Accordingly, the Court does construe the Motion as one for judgment on the pleadings against Dr. Nwachukwu.[3]

5. Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed— but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Third Circuit has explained that a court may only grant a motion for judgment

---

[1] The page numbers for Plaintiff's reply brief refer to those on the ECF header.

[2] The page numbers for Dr. Nwachukwu's opposition brief refer to those on the ECF header.

[3] The full factual background of this case was described in the Court's prior opinion denying Dr. Nwachukwu's Motion for Summary Judgment. (Op. 2–9.) Since the Court writes mainly for the parties, the complete factual background need not be recounted here.

on the pleadings if the moving party "clearly establishes that no material issue of fact remains to be resolved and that [the movant] is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)) (internal quotation marks and citations omitted). A court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* (quoting *Jablonski*, 863 F.2d at 290–91). A Rule 12(c) motion is reviewed under the same standard as a Rule 12(b)(6) motion. *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

6. Here, Plaintiff has not clearly established that no material issue of fact remains to be resolved. Plaintiff argues that he is entitled to judgment on the pleadings because Dr. Nwachukwu's Motion for Summary Judgment was denied. (Mot. 1.) This is an insufficient basis to grant judgment on the pleadings. In the Court's prior opinion denying Dr. Nwachukwu's Motion for Summary Judgment, the Court found there was a dispute of material fact as to whether Dr. Nwachukwu's discontinuation of Plaintiff's medical devices constituted deliberate indifference–a dispute which precluded summary judgment. (Op. at 13–15.) A review of only the pleadings, as required by Rule 12(c), demonstrates the same dispute of material fact.

7. The Complaint alleges Dr. Nwachukwu discontinued Plaintiff's medical devices out of malice towards Plaintiff. (Compl. 18–19.) To establish a claim of deliberate indifference based upon the delay or denial of medical treatment, a plaintiff must demonstrate that the delay or denial "was motivated by non-medical factors." *Miller v. Steele-Smith*, 713 F. App'x 74, 80 (3d Cir. 2017) (quoting *Pearson v. Prison Health Service*, 850 F.3d 526, 537 (3d Cir. 2017)). Notably, "[t]he lack of an identifiable medical reason explaining a treatment delay does not necessarily mean that the delay was motivated by a non-medical reason." *Id.* Dr. Nwachukwu's answer to

3

the Complaint denies any allegation of wrongdoing and asserts numerous defenses. (*See generally* Answer 2, ECF No. 45.) Dr. Nwachukwu states that she acted in good faith and as a reasonably prudent person at all relevant times. (*Id.* at 8.) Based upon these pleadings, and construing the facts presented in the light most favorable to the non-moving party, the Court cannot state, as a matter of law, that Dr. Nwachuku's actions were motivated by non-medical reasons. There remains a genuine dispute of material fact. Accordingly, Plaintiff's Motion for Judgment on the Pleadings is denied.

**IT IS** therefore on this ___11th___ day of ___September___, 2020,

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (ECF No. 143) is DENIED; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum Order upon Plaintiff by regular U.S. mail.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**